Hector **MARTINEZ**, Plaintiff–Appellant,

v.

Gordon **ENGLAND**, Esq., Defendant–Appellee.

No. 05–55022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 23, 2007.

Before: T.G. NELSON, SILER, * and HAWKINS, Circuit Judges.

## MEMORANDUM **

Hector Martinez appeals the district court's grant of summary judgment on his retaliation claim to the Secretary of the Navy, Gordon England. Martinez also appeals the district court's rejection of his blanket objections to the defendant's evidence as unauthenticated. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

This court reviews the district court's grant of summary judgment de novo.[1] Viewing the evidence in the light most favorable to the nonmoving party, it must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law.[2] The district court's evidentiary rulings on summary judgment are reviewed for an abuse of discretion.[3]

Chijioke O. Ikonte, Esq., Akudinobi & Ikonte, Los Angeles, CA, for Plaintiff–Appellant.

Jason K. Axe, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

■ Martinez cannot establish a prima facie case of retaliation because he cannot establish causation.[4] He pointed to insufficient evidence of a causal link between his former co-workers' poor reviews of him when he sought a new job and his 1995

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922 (9th Cir.2004).

2. *Id.*

3. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002).

4. *Yartzoff v. Thomas,* 809 F.2d 1371, 1375 (9th Cir.1987) (stating that to establish causation, the plaintiff must show a causal link between the adverse employment action and the protected activity).

Equal Employment Opportunity complaint.

█ Even if Martinez had established a prima facie case of retaliation, Martinez would be unable to meet his burden of showing that the Secretary's legitimate, non-discriminatory reason for providing negative references—Martinez's poor work performance—was pretext for a retaliatory motive.[5] He did not point to either direct or "specific and substantial" circumstantial evidence in the record establishing that the Secretary's proffered non-discriminatory explanation was mere pretext.[6] The district court did not err by granting summary judgment.

█ The district court also did not err, must less abuse its discretion,[7] by overruling Martinez's objections to the evidence. Martinez himself produced or relied on much of the evidence to which he objected.[8] The district court was well within its discretion to rule that the rest of the evidence to which Martinez objected was authentic.[9]

AFFIRMED.

---

5. *See Manatt v. Bank of America,* 339 F.3d 792, 801 (9th Cir.2003).

6. *See Stegall v. Citadel Broadcasting Co.,* 350 F.3d 1061, 1066 (9th Cir.2003) (internal quotation marks omitted).

7. *See Orr,* 285 F.3d at 773.

8. *See e.g., id.* at 777 n. 20 (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 889 n. 12 (9th Cir.1996) for the proposition that "documents produced by a party in discovery [are] authentic when offered by the party-opponent"); 31 WRIGHT &

GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 7105 ("Authentication can also be accomplished through judicial admissions such as stipulations, pleadings, and production of items in response to subpoena or other discovery request.").

9. *See* FED.R.EVID. 901(a) (providing that the authentication requirement is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims").

